**United States District Court**
Northern District of Georgia
1681 United States Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303-3361

Luther D. Thomas
Clerk of Court

FILED by [404] 215-1389

October 30, 2000

Clerk's Office:

Rule 40 proceedings were held in this district on October 2, 2000 regarding

Howard L. Smith, N.D.Ga. Case No. 1:00-M-1217, your Case No. 00-6082-CR-

FERGUSON(s). Enclosed are our documents of said proceedings.


If you have any questions, please call the Magistrate Courtroom Deputies' Office

at (404) 215-1389.

Sincerely,

Pat Blevins
Deputy Clerk

Enclosure

MAGISTRATE'S CRIMINAL MINUTES

REMOVALS (RULE 40)

DATE: 9-27-00 @ 5:00

TAPE: 00-105 @ 2200

MAGISTRATE ___Scofield___

CASE NUMBER ___1:00M 1217___

AUSA ___Yates___

USPO ___L. Murphy___

PRESIDING ___for Bledins___ DEPUTY CLERK

DEFENDANT'S NAME ___Larry Wayne Hall___

DEFENDANT'S ATTY ___Suzanne Hashimi IA___

Type Counsel (circle): Retained    CJA    **FDI**

___✓___ Initial appearance hearing held.

___✓___ Defendant informed of rights.

___✓___ ORDER appointing Federal Defender Program attorney for defendant.

_____ ORDER appointing_____ attorney for defendant.

_____ ORDER defendant shall pay attorney's fees as follows:_____

_____

___✓___ Defendant WAIVES removal hearing (as to identity only). WAIVER FILED.

_____ Defendant WAIVES preliminary hearing (___ in this district only). WAIVER FILED.

_____ ~~Removal~~ hearing set/reset/cont to ___ _____ @ _____.

_____ Removal hearing HELD.

_____ Order finding probable cause. Defendant held to District Court for removal to other district.

_____ Order defendant identified as named defendant in indictment/complaint. Defendant held to be removed to other district.

_____ Order defendant removed to other district. Commitment issued_____.

_____ Miscellaneous:_____

## BOND/PRETRIAL DETENTION HEARING
oral

___✓___ Government Motion for detention filed.

_____ Bond/Pretrial detention hearing held.

___✓___ Pretrial detention hearing set for ___10-2-00 @ 1:30___. (___ in charging district)

_____ (___ Verbal) Motion to reduce bond___ GRANTED ___DENIED

_____ Pretrial detention ordered. (Written order to follow _____).

_____ BOND set at $_____

     _____ NON-SURETY

     _____ SURETY/CASH:_____ Property Acceptable: _____Corporate surety ONLY

     _____ COMBINATION:_____

_____ SPECIAL CONDITIONS:_____

_____

_____ Bond filed, defendant released.

_____ Bond not executed, defendant to remain in Marshal's custody.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN OPEN COURT
U.S.D.C. - ATL

SEP 2 7 2000

LUTHER D. THOMAS, CLERK
By _____ Deputy Clerk

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

LARRY WAYNE HALL,

      Defendant.

CASE NO. 1:00-M-1217

## ORDER  APPOINTING  COUNSEL

SUZANNE HASHIMI    $\mathcal{I}$  $A$

The above-named defendant has testified under oath or has filed with the Court

an affidavit of financial status and hereby satisfied this Court that he or she is financially

unable to employ counsel.

Accordingly, the **FEDERAL DEFENDER PROGRAM, INC.**, is hereby appointed

to represent this defendant in the above-captioned case unless relieved by an Order of

this Court or by Order of the Court of Appeals.

Dated at Atlanta, Georgia this 27th day of September, 2000.

*E. Clark Sr.*

**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

CLERK
Deputy Clerk

| UNITED STATES OF AMERICA, | **WAIVER OF RULE 40 HEARINGS** |
|---|---|
| vs. | **(EXCLUDING PROBATION CASES)** |
| LARRY WAYNE HALL | CASE NO.: 1:00-M-1217 |

I, HOWARD LAMAR SMITH III, understand that in the Southern District of Florida,

charges are pending alleging violation of 21:846,841, and that I have been arrested in this

District and taken before a United States Magistrate Judge, who informed me of the charge(s)

and of my right to:

(1)    retain counsel or requires the assignment of counsel if I am unable to retain counsel,
(2)    request transfer of the proceedings to this district pursuant to Rule 20, Fed.R.Crim.P., in order to plead guilty,
(3)    an identity hearing to determine if I am the person named in the charge, and
(4)    a preliminary examination (unless indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or in the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

☑    identity hearing

☐    preliminary examination

☐    identity hearing and have been informed I have no right to a preliminary examination

☐    identity hearing but request a preliminary examination be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the *prosecuting district where the charge is pending against me.*

Dated in Atlanta, Georgia this 27th day of September, 2000.

_____
DEFENDANT

_____
DEFENSE COUNSEL



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA,

vs.

LARRY WAYNE HALL

**ORDER OF TEMPORARY DETENTION
PENDING HEARING PURSUANT
TO BAIL REFORM ACT**

CASE NO. 1:00-M-1217

Upon motion of the Government, it is **ORDERED** that a detention hearing is set for [1]

/ 0. j. c cat /. ?o  before United States Magistrate Judge E. Clayton Scofield III, U.S.

Courthouse, Richard B. Russell Building, 16th Floor, Room 1, 75 Spring Street, S.W.,

Atlanta, Georgia 30303.

Pending this hearing, the defendant shall be held in custody by the United States

Marshal and produced for the hearing.

Dated at Atlanta, Georgia this 27 th day of ____ ,2000.

E. Clayton Sr

UNITED STATES MAGISTRATE JUDGE

---

[1] If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the Government, or up to five days upon motion of the defendant. 18 U.S.C. 3142(f)(2).

A hearing is required whenever the conditions set forth in 18 U.S.C. 3142(f) are present. Subsection (1) sets forth the grounds that may be asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate; or attempt to threaten, injure, or intimidate a prospective witness or juror.

MAGISTRATE'S CRIMINAL MINUTES

REMOVALS (RULE 40)

DATE: 9-29-00 @ 11:50

TAPE: 00-112 @ 960

MAGISTRATE ___Scofield___

CASE NUMBER ___1:00m1217___

AUSA ___Yates___

USPO _____

PRESIDING ___Pat Blovins___ DEPUTY CLERK

DEFENDANT'S NAME ___Howard L. Smith___

DEFENDANT'S ATTY _____

Type Counsel (circle): Retained     CJA     FDP

_____ Initial appearance hearing held.

_____ Defendant informed of rights.

_____ ORDER appointing Federal Defender Program attorney for defendant.

_____ ORDER appointing_____ attorney for defendant.

_____ ORDER defendant shall pay attorney's fees as follows:_____
_____

_____ Defendant WAIVES removal hearing (as to identity only). WAIVER FILED.

_____ Defendant WAIVES preliminary hearing (___ in this district only). WAIVER FILED.

_____ Removal hearing set/reset/cont to _____ @ _____.

_____ Removal hearing HELD.

_____ Order finding probable cause. Defendant held to District Court for removal to other district.

_____ Order defendant identified as named defendant in indictment/complaint. Defendant held to be removed to other district.

_____ Order defendant removed to other district. Commitment issued_____.

_____ Miscellaneous:_____ SDFL    00.6082-CR-Ferguson(s)

## BOND/PRETRIAL DETENTION HEARING

_____ Government Motion for detention filed.

_____ Bond/Pretrial detention hearing held.

_____ Pretrial detention hearing set for _____. (___ in charging district)

_____ (___ Verbal) Motion to reduce bond GRANTED.

_____ (___ Verbal) Motion to reduce bond DENIED.

_____ Pretrial detention ordered. (Written order to follow _____).

_____ BOND set at $_____

_____ NON-SURETY

_____ SURETY/CASH:_____ Property Acceptable: _____ Corporate surety ONLY

_____ COMBINATION:_____

_____ SPECIAL CONDITIONS:_____
_____

_____ Bond filed, defendant released.

_____ Bond not executed, defendant to remain in Marshal's custody.

MAGISTRATE'S CRIMINAL MINUTES    FILED IN OPEN COURT

REMOVALS (RULE 40)

DATE: 9-27-00 @ 5:00

TAPE: 00-109 @ 2200

MAGISTRATE __Scofield__    PRESIDING __Les Blevins__ DEPUTY CLERK

CASE NUMBER __1:00 M 1217__    DEFENDANT'S NAME __Howard Lamar Smith__

AUSA __Vatos__    DEFENDANT'S ATTY __Suzanne Hashimi__

Type Counsel (circle): Retained    CJA    **FDP**

USPO _____

____✓__ Initial appearance hearing held.

____✓__ Defendant informed of rights.

____✓__ ORDER appointing Federal Defender Program attorney for defendant.

_____ ORDER appointing_____ attorney for defendant.

_____ ORDER defendant shall pay attorney's fees as follows:_____

____✓__ Defendant WAIVES removal hearing (as to identity only). WAIVER FILED.

_____ Defendant WAIVES preliminary hearing (___ in this district only). WAIVER FILED.

_____ Removal hearing set/reset/cont to _____ @ _____.

_____ ~~Removal~~ hearing HELD.

_____ Order finding probable cause. Defendant held to District Court for removal to other district.

_____ Order defendant identified as named defendant in indictment/complaint. Defendant held to be removed to other district.

_____ Order defendant removed to other district. Commitment issued_____.

_____ Miscellaneous:_____

## BOND/PRETRIAL DETENTION HEARING

____✓__ Government Motion for detention filed. *oral*

____✓__ Bond/Pretrial detention hearing held.

_____ Pretrial detention hearing set for _____. (___in charging district)

_____ (___Verbal) Motion to reduce bond___ GRANTED ___DENIED

_____ Pretrial detention ordered. (Written order to follow _____).

____✓__ BOND set at $20,000.00

     _____ NON-SURETY

     ____✓__ SURETY/CASH:_____ Property Acceptable: __✓__Corporate surety ONLY

     _____ COMBINATION:_____

____✓__ SPECIAL CONDITIONS: __PTS__ _____

_____

_____ Bond filed, defendant released.

____✓__ Bond not executed, defendant to remain in Marshal's custody.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

SEP 2 7 2000

FILED IN OPEN COURT
U.S.D.C. - ATLANTA

LUTHER D. THOMAS, CLERK
By_____ Deputy Clerk

UNITED STATES OF AMERICA,

**WAIVER OF RULE 40 HEARINGS**

vs.

**(EXCLUDING PROBATION CASES)**

HOWARD LAMAR SMITH III

CASE NO.: 1:00-M-1217

I, HOWARD LAMAR SMITH III, understand that in the Southern District of Florida,

charges are pending alleging violation of 21:846,841, and that I have been arrested in this

District and taken before a United States Magistrate Judge, who informed me of the charge(s)

and of my right to:

(1)    retain counsel or requires the assignment of counsel if I am unable to retain counsel,
(2)    request transfer of the proceedings to this district pursuant to Rule 20, Fed.R.Crim.P., in order to plead guilty,
(3)    an identity hearing to determine if I am the person named in the charge, and
(4)    a preliminary examination (unless indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or in the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

☑    identity hearing

☐    preliminary examination

☐    identity hearing and have been informed I have no right to a preliminary examination

☐    identity hearing but request a preliminary examination be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

Dated in Atlanta, Georgia this 27th day of September, 2000.

_____
DEFENDANT

_____
DEFENSE COUNSEL

FILED IN OPEN COURT
U.S.D.C. - ATLANTA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SEP 2 7 2000

LUTHER D. THOMAS, CLERK
By_____ Deputy Clerk

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CASE NO. 1:00-M-1217

HOWARD LAMAR SMITH, III,

    Defendant.

## ORDER APPOINTING COUNSEL

SUZANNE HASHIMI

The above-named defendant has testified under oath or has filed with the Court

an affidavit of financial status and hereby satisfied this Court that he or she is financially

unable to employ counsel.

Accordingly, the **FEDERAL DEFENDER PROGRAM, INC.**, is hereby appointed

to represent this defendant in the above-captioned case unless relieved by an Order of

this Court or by Order of the Court of Appeals.

Dated at Atlanta, Georgia this 27th day of September, 2000.

E. Clayton Scofield

**UNITED STATES MAGISTRATE JUDGE**

AO 98 (Rev. 8/85) Appearance Bond

**FILED IN OPEN COURT**
U.S.D.C. - Atlanta

# United States District Court

**SEP 29 2000**

**NORTHERN** ———————— **DISTRICT OF** ———————— **GEORGIA**

LUTHER D. THOMAS, CLERK
By:_____ Deputy Clerk

UNITED STATES OF AMERICA

**v.**

Howard Lamar Smith
_____
Defendant

## APPEARANCE BOND

CASE NUMBER: 1:00 M 1217

Non–surety: I, the undersigned defendant acknowledge that I and my . . .

☐ Surety: We, the undersigned, jointly and severally acknowledge that we and our . . .

personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ 20,000.00 , and there has been deposited in the Registry of the Court the sum of
$ 20,000.00 in cash or Corporate Surety (describe other security.)

The conditions of this bond are that the defendant Howard Lanar Smith .
(name)

is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States district court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such a matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States district court having cognizance of the above entitled matter at the time of such breach and if the bond if forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States district court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on _September 29, 2000_ at _U.S. Courthouse in Atlanta, Georgia_ .
                                    Date                              Place

Defendant. _____ Address. _2743 Harper Woods Dr Marietta_
            Howard Lanar Smith                                         30062A

Surety. _____ Address. _____

Surety. _____ Address. _Delta Bail Bonds, Inc._
        Paul Stewart (Safety Nat'l Casualty Corp)     _629 N Airport Rd, NE_
                                                        _Lawrenceville, GA  30045_

Signed and acknowledged before me on _9/29/00_ as to signature of surety only.
                                          Date

_____
Judicial Officer/Clerk

Approved: _E. Clay Sott_
          Judicial Officer

AO 199A (Rev. 3/87) Order Setting Conditions of Release

# United States District Court

_____NORTHERN_____ **DISTRICT OF** _____GEORGIA_____

UNITED STATES OF AMERICA

V.

Howard Lamar Smith

Defendant

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number: _1:00M1217_

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at (if blank, to be notified) _____

_____ Place

_____ on _____

Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✓ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of

_____ dollars ($_____)

in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

WHITE COPY · COURT       YELLOW · DEFENDANT       BLUE · U.S. ATTORNEY       PINK · U.S. MARSHAL       GREEN · PRETRIAL SERVICES

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(  ) (6)  The defendant is placed in the custody of:

(Name of person or organization) _____

(Address) _____

(City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____ _____
                                          Custodian or Proxy                    Date

( **X** ) (7)  The defendant shall.

(✔) (a)  report to the __U. S. PRETRIAL SERVICES__

telephone number __404/215-1900__, not later than __IMMEDIATELY__.

(✔) (b)  execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
$20,000

(  ) (c)  post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described _____.

(✔) (d)  execute a bail bond with solvent sureties in the amount of $ 20,000. 00

(✔) (e)  maintain or actively seek employment.

(  ) (f)  maintain or commence an education program.

(✔) (g)  surrender any passport to: __U. S. PRETRIAL SERVICES__

(✔) (h)  obtain no passport.

(✔) (i)  abide by the following restrictions on personal association, place of abode, or travel:
reside at address below and DO NOT change address without permission of Court.

(  ) (j)  avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____

(  ) (k)  undergo medical or psychiatric treatment and/or remain in an institution as follows: _____

(  ) (l)  return to custody each (week)day as of _____ o'clock after being released each (week)day as of _____ o'clock for employment, schooling, or the following limited purpose(s): _____

(  ) (m)  maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

(✔) (n)  refrain from possessing a firearm, destructive device, or other dangerous weapons

(✔) (o)  refrain from ( ✔any (  ) excessive use of alcohol.

(✔) (p)  refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(✔) (q)  submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

(✔) (r)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

(✔) (s)  refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibit substance testing or electronic monitoring which is (are) required as a condition(s) of release.

(✔) (t)  participate in one of the following home confinement program components and abide by all the requirements of the program which (✔) will or (  ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

(  ) (i)  **Curfew**. You are restricted to your residence every day (  ) from _____ to _____, or (  ) as directed by the pretrial services office or supervising officer; or

(✔) (ii)  **Home Detention**. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

(  ) (iii)  **Home Incarceration**. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

(  ) (u)  report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(✔) (v)  My release is to be supervised by the U. S. Pretrial Services Office and I shall follow the instructions of my supervising officer.  Any proposed travel outside

(XXXX) the Northern District of Georgia shall be approved BEFORE leaving the district and Southern District of Florida For Court

(  ) (x)  appearances

## Advice of Penalties and Sanctions

## TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

## Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

2743    HARPER    Wacos    OR.
Address

MARIETTA  GA.  3062  7-577-2238
City and State                    Telephone

## Directions to United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
( )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: Sept. 29, 2000

_____
Signature of Judicial Officer

**E. CLAYTON SCOFIELD III, U. S. MAGISTRATE JUDGE**
Name and Title of Judicial Officer

CJA 20 APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL (Rev. 5/99)

| 1. CIR./DIST./ DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER | |
|---|---|---|---|---|
| GANAT | HOWARD LAMAR SMITH | | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 1:00-M-1217 | | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| United States v. Acevedo et al | X Felony ☐ Petty Offense<br>☐ Misdemeanor ☐ Other<br>☐ Appeal | X Adult Defendant ☐ Appellant<br>☐ Juvenile Defendant ☐ Appellee<br>☐ Other | CC |

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) *If more than one offense, list (up to five) major offenses charged, according to severity of offense.*
21:841,846 consp/poss/dist/mdma

| 12. ATTORNEY'S NAME *(First Name, M.I., Last Name, including any suffix)*, AND MAILING ADDRESS | 13. COURT ORDER |
|---|---|
| Alan J. Baverman<br>1800 Peachtree Road, NW<br>Suite 300<br>Atlanta, GA 30309<br><br>Telephone Number: 404/351-8063 | X O Appointing Counsel ☐ C Co-Counsel<br>☐ F Subs For Federal Defender ☐ R Subs For Retained Attorney<br>☐ P Subs For Panel Attorney ☐ Y Standby Counsel<br><br>Prior Attorney's<br>Appointment<br>X Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, OR<br>☐ Other *(See Instructions)* |

14. NAME AND MAILING ADDRESS OF LAW FIRM *(Only provide per instructions)*

E. Clayt S. 

Signature of Presiding Judicial Officer or By Order of the Court

| 10/17/00 | 10/2/00 |
|---|---|
| Date of Order | Nunc Pro Tunc Date |

Repayment or partial repayment ordered from the person represented for this service at time appointment    ☐ YES    X NO

| CLAIM FOR SERVICES AND EXPENSES | | | FOR COURT USE ONLY | | |
|---|---|---|---|---|---|
| CATEGORIES *(Attach itemization of services with dates)* | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH. ADJUSTED HOURS | MATH/TECH. ADJUSTED AMOUNT | ADDITIONAL REVIEW |
| 15. a. Arraignment and/or Plea | | | | | |
| b. Bail and Detention Hearings | | | | | |
| c. Motion Hearings | | | | | |
| d. Trial | | | | | |
| e. Sentencing Hearings | | | | | |
| f. Revocation Hearings | | | | | |
| g. Appeals Court | | | | | |
| h. Other *(Specify on additional sheets)* | | | | | |
| (RATE PER HOUR = $           )    TOTALS: | | | | | |
| 16. a. Interviews and Conferences | | | | | |
| b. Obtaining and reviewing records | | | | | |
| c. Legal research and brief writing | | | | | |
| d. Travel time | | | | | |
| e. Investigative and other work *(Specify on additional sheets)* | | | | | |
| (RATE PER HOUR = $           )    TOTALS: | | | | | |
| 17. Travel Expenses *(lodging, parking, meals, mileage, etc.)* | | | | | |
| 18. Other Expenses *(other than expert, transcripts, etc.)* | | | | | |
| GRAND TOTALS (CLAIMED AND ADJUSTED) | | | | | |

| 19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE<br>TO: | 20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 21. CASE DISPOSITION |
|---|---|---|

| 22. CLAIM STATUS    ☐ Final Payment    ☐ Interim Payment Number            ☐ Supplemental Payment |
|---|
| Have you previously applied to the court for compensation and/or reimbursement for this    ☐ YES    ☐ NO    If yes, were you paid?    ☐ YES    ☐ NO<br>Other than from the Court, have you, or to your knowledge has anyone else, received payment *(compensation or anything of value)* from any other source in connection with this representation?    ☐ YES    ☐ NO    If yes, give details on additional sheets.<br>I swear or affirm the truth or correctness of the above statements.<br><br>Signature of Attorney                                                        Date |

| APPROVED FOR PAYMENT - COURT USE ONLY | | | | | |
|---|---|---|---|---|---|
| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR./CERT. | |
| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | | DATE | 28a. JUDGE/MAG. JUDGE CODE | |
| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED | |
| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) *Payment approved in excess of the statutory threshold amount.* | | | DATE | 34a. JUDGE CODE | |

MAGISTRATE'S CRIMINAL MINUTES   FILED IN OPEN COURT

REMOVALS (RULE 40)

DATE: 7/6-2.00 @ 1:40
TAPE: 00-11(' @ 840

MAGISTRATE ___Scofield___   PRESIDING ___Pd Blvm___ DEPUTY CLERK

CASE NUMBER ___1:00 m 1217___   DEFENDANT'S NAME ___Larry Wayne Hall___

AUSA ___Yates___   DEFENDANT'S ATTY ___Joseph Weinberg___
Type Counsel (circle): Retained   CJA   FDI

USPO _____

_____ Initial appearance hearing held.
_____ Defendant informed of rights.
_____ ORDER appointing Federal Defender Program attorney for defendant.
_____ ORDER appointing_____ attorney for defendant.
_____ ORDER defendant shall pay attorney's fees as follows:_____

_____ Defendant WAIVES removal hearing (as to identity only). WAIVER FILED.
_____ Defendant WAIVES preliminary hearing (___ in this district only). WAIVER FILED.
_____ Removal hearing set/reset/cont to _____ @ _____.
_____ Removal hearing HELD.
_____ Order finding probable cause. Defendant held to District Court for removal to other district.
_____ Order defendant identified as named defendant in indictment/complaint. Defendant held to be removed to other district.
_____ Order defendant removed to other district. Commitment issued_____.
_____ Miscellaneous:_____ SDFL   00.6082-CR-Ferguson(s)

## BOND/PRETRIAL DETENTION HEARING

_____ Government Motion for detention filed.
_____ Bond/Pretrial detention hearing held.
_____ Pretrial detention hearing set for _____. (___ in charging district)
_____ (___ Verbal) Motion to reduce bond___ GRANTED ___DENIED
_____ Pretrial detention ordered. (Written order to follow _____).
✓ BOND set at $ 40,00.00
_____ NON-SURETY
✓ SURETY/CASH:___✓___ Property Acceptable: _____Corporate surety ONLY
_____ COMBINATION:_____
✓ SPECIAL CONDITIONS: PTS _____

_____
✓ Bond filed, defendant released.
_____ Bond not executed, defendant to remain in Marshal's custody.

AO 98 (Rev. 8/85) Appearance Bond

FILED IN OPEN COURT
U.S.D.C

# United States District Court

OCT 0 2 2000

__NORTHERN_____ DISTRICT OF _____GEORGIA_____

LUTHER D. THOMAS, CLERK
By_____ Deputy Clerk

UNITED STATES OF AMERICA

**v.**

Larry Wayne Hall
_____Defendant_____

## APPEARANCE BOND

CASE NUMBER: 1:00 M 1217

Non-surety:  I, the undersigned defendant acknowledge that I and my . . .
Surety:      We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ 40,000.00 _____ , and there has been deposited in the Registry of the Court the sum of
$ _____ in cash or property as described (describe other security.)
                                                                    on service

The conditions of this bond are that the defendant  Larry Wayne Hall _____.
                                                        (name)

is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States district court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such a matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States district court having cognizance of the above entitled matter at the time of such breach and if the bond if forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States district court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on __10 2-00__ at __At lanta, GA__.
                          Date                    Place

Defendant __Larry Wayne Hall Jr.__  Address. __868 Bonnie Glen Dr.__
                                                __Marietta GA 30007__

Surety. __Larry W Hall__  Address. __3012 Blankee Hill Cir__
                                       __Marietta, GA 30062__

Surety. _____  Address. _____

Signed and acknowledged before me on __10-2-00__
                                          Date

_____
Judicial Officer/Clerk

Approved: __E. Clay S____
              Judicial Officer

Source One
Mortgage Corporation
P.O. Box 1800
27555 Farmington Rd.
Farmington Hills, MI 48333.1800
Customer Service Representative
1(800)736-6006
For the Hearing and Speech Impaired (TDD) 1(800)578-9750

**1999**
**Mortgage Interest Statement**
**Substitute Form 1098**
(OMB No. 1545-0901)
(COPY B FOR PAYER)

**YOUR ACCOUNT NUMBER 10142946-2 0**

| DISBURSEMENTS FROM YOUR ESCROW ACCOUNT | | | | | | | |
|---|---|---|---|---|---|---|---|
| BEGINNING OF YEAR ESCROW BALANCE | ESCROW AMOUNT RECEIVED FOR YEAR | FHA/PMI MORTGAGE INSURANCE PREMIUM | TOTAL TAXES | SPECIAL ASSESSMENTS | FLOOD INSURANCE | HAZARD INSURANCE | ESCROW REFUNDED OR TRANSFERRED | END OF YEAR ESCROW BALANCE |
| 0.00 | + | − | | | | | = | 0.00 |

lullllllllllllllllllllllllllllllllllllll

AUTO ************ 3-DIGIT 300
Larry W. Hall
3022 Bunker Hill Circle
Marietta, GA 30062-5414

LARRY W. HALL
TAX IDENTIFICATION #: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

| END OF YEAR TOTAL PAYMENT | | INDIVIDUAL TAXES | AMOUNT OF TAX |
|---|---|---|---|
| Principal and Interest | 636.52 | | |
| + Escrow | | | |
| + Personal Insurance | | | |
| - Subsidy | | | |
| - Buydown | | | ¢ |
| + Replacement Reserve | | | |
| = Total Payment | 636.52 | | |

| BEGINNING PRINCIPAL BALANCE | TOTAL PRINCIPAL PAYMENTS | END OF YEAR PRINCIPAL BALANCE |
|---|---|---|
| 64811.24 | 1964.90 | 62846.34 |

| Mortgage Interest received from payer(s) borrower(s) | Points paid on purchase of principal residence (See Box 2 on back) | Refund of Overpaid Interest (See Box 3 on back) |
|---|---|---|
| (1) INTEREST PAID DURING LAST YEAR | (2) POINTS PAID | (3) OVERPAID INTEREST |
| ※ 5673.34 | | |

* Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person.

- You have the type of mortgage which allows you to pay your own hazard insurance premiums. Please be certain your agent shows P.O. Box 24850, Jacksonville, FL 32241.4850 as the mortgagee address on your policy. This will ensure we receive a copy of your insurance policy renewal.

- Thank you for your business.

- We would appreciate you taking a moment to help verify the accuracy of your taxpayer identification number which is shown on this statement. If you detect an error or the number is missing, please provide the correct number, in writing, and mail to Source One Mortgage Corp., Escrow Processing Department, P.O. Box 1800, Farmington Hills, MI 48333.1800.

**KEEP FOR YOUR RECORDS**

THE INFORMATION IN BOXES 1, 2, AND 3 IS IMPORTANT TAX INFORMATION AND IS BEING FURNISHED TO THE INTERNAL REVENUE SERVICE. IF YOU ARE REQUIRED TO FILE A RETURN, A NEGLIGENCE PENALTY OR OTHER SANCTION MAY BE IMPOSED ON YOU, IF THE IRS DETERMINES THAT AN UNDER PAYMENT OF TAX RESULTS BECAUSE YOU OVERSTATED A DEDUCTION FOR THIS MORTGAGE INTEREST OR FOR THESE POINTS, OR BECAUSE YOU DID NOT REPORT THIS REFUND OF INTEREST ON YOUR RETURN.

077585                    **FOR FURTHER IMPORTANT TAX INFORMATION, SEE REVERSE SIDE.**





**SHOULD YOU
REFINANCE _YOUR_ MORTGAGE?**

⊕ bankrate.com

( Find out )

---

## Home Price Check - Search Results

Back to Yahoo! Home Values

*Showing page 1 of 1 pages. - Found 1 listings. Most recent sales appear first.*

| ADDRESS | LOCATION | SALE PRICE | SALE DATE |
|---|---|---|---|
| 3057 Bunker Hill Cir | Marietta, GA | $180,000 | May 1999 |

### Do Another Search

---

*Sign me up for Home Price Check's FREE Alert Service!*

☑  Email me all of these results now.

☑  Automatically notify me when a home sells in this
neighborhood.

Name |_____|    E-mail |_____|    | Submit |

Find out what homes are for
sale in this neighborhood

### Back to YAHOO! Real Estate

How and Why to Use this Service · Comments and Feedback · Privacy Policy.

Copyright © 2000 Domania.com All Rights Reserved.
Domania.com Disclaimer: All information herein is derived from sources believed to be accurate, but is not guaranteed.



**JIM McDUFFIE**
COBB COUNTY TAX COMMISSIONER

**GAIL DOWNING**
DEPUTY TAX COMMISSIONER

E-mail addresses: tax@cobbtax.org
tags@cobbtax.org

736 Cherokee Street, Suite 250
Marietta, GA 30090-9660
Phone 770-528-8600
Fax 770-528-8628

16074700250

## 2000 COBB COUNTY TAX BILL

TAXPAYER COPY

HALL LARRY W SR
OR CURRENT RESIDENT
3022 BUNKER HILL CIR
MARIETTA GA 30062-5414

| Bill Number | | | | Par. ID | 16074700250 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000045160 | | | **PROPERTY IDENTIFICATION** | | | | | | **3022 BUNKER HILL CIR** | | | | | | |
| LAND DIST | LAND LOT | O D | PAR | S | UNIT LOT | PH B | BLD UNT | ACRES | H S | C | S C | GROSS VALUE | | GROSS ASSESSMENT | TAXPAYER NUMBER |
| 16 | 0747 | 0 | 025 | 0 | 0009 | C | | .00 | 111 | 9 | | 131364 | x 40% = | 52545 | |

| GROSS ASSESSMENT | | – | EXEMPTION | = | NET ASSESSMENT | X | MILLAGE RATE | = | TAX |
|---|---|---|---|---|---|---|---|---|---|

| TAXING AUTHORITY | GROSS ASSESSMENT | EXEMPTION | NET ASSESSMENT | RATE | TAX | TOTALS |
|---|---|---|---|---|---|---|
| SCHOOL GENERAL | 52545 | 10000 | 42545 | 0.01755 | 746.66 | |
| SCHOOL BOND | 52545 | 0 | 52545 | 0.00150 | 78.82 | |
| | | | | | TOTAL SCHOOL TAXES | 825.48 |
| COUNTY GENERAL | 52545 | 10000 | 42545 | 0.00657 | 279.52 | |
| COUNTY BOND | 52545 | 0 | 52545 | 0.00050 | 26.27 | |
| COUNTY FIRE | 52545 | 0 | 52545 | 0.00277 | 145.55 | |
| | | | | | TOTAL COUNTY TAXES | 451.34 |
| | | | | | | |
| STATE | 52545 | 2000 | 50545 | 0.00025 | TOTAL STATE TAXES | 12.64 |
| The credit shown here is due to homeowner tax relief enacted by the Governor and the General Assembly of the State of Georgia. | | | | | LESS Homeowner's Tax CREDIT | - 97.48 |
| | | | | | PENALTY FOR NOT FILING A TAX RETURN | .00 |
| | | | | *LATE CHARGES* apply Oct 24th | PAY THIS AMOUNT BY Oct 23, 2000 | 1191.98 |

Form
S/M

054...  2.00pd

**LAW OFFICES**
**ALEX McLENNAN**
ATLANTA, GEORGIA

**WARRANTY DEED**

GEORGIA, FULTON COUNTY,
THIS INDENTURE made this 10th day of November in the Year of our Lord One
Thousand Nine Hundred and Seventy Six between
YOUNG AMERICA HOMES, INC.
of the State of Georgia and County of Cobb, the GRANTOR, and
LARRY W. HALL, SR.
of the State of Georgia and County of Cobb, the GRANTEE.

In this Deed, wherever the context so requires, the masculine gender includes the feminine and/or neuter, and the sin-
gular number includes the plural. Wherever herein a verb, pronoun or other part of speech is used in the singular, and
there be more than one Grantor or Grantee, said singular part of speech shall be deemed to read as the plural, and each
Grantor shall always be jointly and severally liable for the performance of every promise and agreement made herein.
Wherever herein Grantor or Grantee is used, the same shall be construed to mean as well, the heirs, executors, adminis-
trators, successors, representatives and assigns of the same.

WITNESSETH: That the GRANTOR, for and in consideration of the sum of TEN DOLLARS AND
OTHER VALUABLE CONSIDERATIONS, in hand paid, at and before the sealing and delivery of these
presents, the receipt of which is hereby acknowledged, has bargained and sold, and by these presents does
grant, bargain, sell and convey unto the said GRANTEE, the following described property:

All that tract or parcel of land lying and being in Land Lot 747 of the 16th District,
2nd Section, Cobb County, Georgia, being Lot 9, Block C, Bunker Hills Subdivision,
as per Plat Book 58, Page 20, Cobb County Records, and being more fully shown and
delineated on survey of Property of Larry W. Hall, Sr., made by Georgia Land
Surveying Co., Inc., dated October 28, 1976, a copy of which is on file in the office
of Alex McLennan, Atlanta, Georgia, and being more particularly described as follows:

BEGINNING at a point marked by an iron pin found on the easterly side of Bunker Hill
Circle (having a 50-foot right-of-way) one hundred thirty-five and one-tenth (135.1) feet
northerly and northwesterly as measured along easterly side of Bunker Hill Circle
from the intersection of the easterly side of Bunker Hill Circle with the northerly
side of Bunker Hill Road; said iron pin also being at the northwesterly corner of Lot 8,
said Block and Subdivision; running thence northwesterly and northerly along the easterly
side of Bunker Hill Circle, and following the curvature thereof, a distance of one hundred
ten (110) feet to an iron pin found at the southwesterly corner of Lot 10, said Block and
Subdivision; running thence northeasterly along the southerly side of said Lot 10 a
distance of two hundred five and nine-tenths (205.9) feet to an iron pin found on the
southwesterly side of Lot 12, said Block and Subdivision; said iron pin also being at
the southeasterly corner of Lot 10 above-referred to; running thence southeasterly
along the southwesterly side of Lot 12 above-referred to a distance of thirty-one and
six-tenths (31.6) feet to an iron pin found at the southernmost corner of said Lot 12;
said iron pin also being at the westernmost corner of Lot 13, said Block and Subdivi-
sion; said iron pin also being at the northernmost corner of Lot 7, said Block and
Subdivision; running thence southwesterly along the northwesterly side of said Lot 7
a distance of eighty (80) feet to an iron pin found at the northeasterly corner of Lot
8 above referred to; running thence southwesterly along the northerly line of said Lot
8 a distance of one hundred seventy-two (172) feet to the easterly side of Bunker
Hill Circle and the iron pin at the point of beginning; being improved property having
a dwelling located thereon known as No. 3022 Bunker Hill Circle.

The above described property is conveyed subject to all easements and restrictions
of record.

GEORGIA, Cobb County Clerk's Office Superior Court
Filed for Record 12 day of ___ 19 76
at ___ o'clock ___ M. Recorded ___ 19 76
TYRE LEE TERRY, Clerk

64.50

TO HAVE AND TO HOLD the said tract of land, with all and singular the rights, members and
appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use,
benefit and behoof of the said GRANTEE, his heirs and assigns, forever, in Fee Simple.

AND THE said GRANTOR, for himself, his heirs, executors and administrators, will warrant and
forever defend the right and title to the above described property, unto the said GRANTEE, his heirs
and assigns, against the claims of all persons whomsoever.

IN WITNESS WHEREOF, the said GRANTOR has hereunto set his hand and seal the day, and
year first above written.

Signed, sealed and delivered
in the presence of:                          YOUNG AMERICA HOMES, INC.

SEAL ATTACHED

                                             By: F. Allen Dorman, President  (SEAL)

Notary Public                                SEAL ATTACHED              (SEAL)

1732

1732

georgia

NUMBER 010975093    EXPIRES 01-01-2004

HALL, LARRY W
3022 BUNKER HILL CIR
MARIETTA, GA 30062-5414

SEX BIRTHDATE EXAM DATE COUNTY
M 01-01-1939 12-06-1999 033
HEIGHT WEIGHT POST FEE RESTRICTIONS
5 09 170 9 R24 000.00 B

CLASS ENDORSEMENTS TYPE
C VET

# United States District Court

NORTHERN _____ DISTRICT OF _____ GEORGIA _____

UNITED STATES OF AMERICA

V.

## ORDER SETTING CONDITIONS
## OF RELEASE

_Larry Wayne Hall_  Case Number: 1:00 M 1217

Defendant

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at (if blank, to be notified) _____

_____ on _____

Place

Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✓ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of

_____ dollars ($_____) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

**Additional Conditions of Release**

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:

(Name of person or organization) _____ . _____

(Address) _____

(City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____

Custodian or Proxy          Date

( X ) (7) The defendant shall.

✓ (a) report to the __U. S. PRETRIAL SERVICES__

telephone number __404/215-1900__ , not later than __IMMEDIATELY__ .

✓ (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: $40,000.00

✓ (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described property shown on justipcati of Sureties, is promise to be ponded on or before 12:40 non Oct 3, 200.

( ) (d) execute a bail bond with solvent sureties in the amount of $_____ .

( ) (e) maintain or actively seek employment.

( ) (f) maintain or commence an education program.

( ) (g) surrender any passport to: __U. S. PRETRIAL SERVICES__

( ) (h) obtain no passport.

✓ (i) abide by the following restrictions on personal association, place of abode, or travel:
__reside at address below and DO NOT change address without permission of Court.__

( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____

_____

( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____

_____

( ) (l) return to custody each (week)day as of _____ o'clock after being released each (week)day as of _____ o'clock for employment, schooling, or the following limited purpose(s): _____

( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.

✓ (o) refrain from ( ) any (✓) excessive use of alcohol

( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibit substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

( )(i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or

( )(ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

( )(iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

( ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(✓) (v) __My release is to be supervised by the U. S. Pretrial Services Office and I shall__
__follow the instructions of my supervising officer.__ ~~Any proposed travel outside~~

( xxxx) ~~the Northern District of Georgia shall be approved BEFORE leaving the district~~ except for travel to SD of Fla to attend Court.

( ) (x) _____

_____

## Advice of Penalties and Sanctions

## TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
   (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
   (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
   (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
   (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

## Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Fany Wayne Hall Jr
_____
Signature of Defendant

868 Bonnie Glen Dr
_____
Address

MARIETTA    GA    30067    770-
_____
City and State    Telephone
9733587

## Directions to United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____ Germ 2, 2000 _____         E. Clayton Scofield _____
                                        Signature of Judicial Officer

**E. CLAYTON SCOFIELD III, U. S. MAGISTRATE JUDGE**
_____
Name and Title of Judicial Officer

WHITE COPY - COURT      YELLOW · DEFENDANT      BLUE · U S ATTORNEY      PINK · U.S. MARSHAL      GREEN · PRETRIAL SERVICES

**United States District Court**

_____ SOUTHERN _____    DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

**WARRANT FOR ARREST**

LARRY HALL

**CASE NUMBER: 00-6082-CR-FERGUSON(s)**

TO:   The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest_____ LARRY HALL _____

Name

**and bring him or her forthwith to the nearest magistrate to answer a(n)**

| X |Indictment |  |Information |  |Complaint |  |Order of court |  |Violation Notice |  |Probation Violation Petition

**charging him or her with (brief description of offense)**

CONSPIRACY TO POSSES WITH INTENT TO DISTRIBUTE 3,4-METHYLENEDIOXYMETHAMPHETAMINE AND POSSESSION WITH INTENT TO DISTRIBUTE METHYLENEDIOXYMETHAMPHETAMINE

in violation of Title 21_ United States Code, Section(s) 841(a)(1) & 846

> Certified to be a true and
> correct copy of the document on file
> Clarence Maddox, Clerk,
> U.S. District Court
> Southern District of Florida
> X: _____ Deputy Clerk

Clarence Maddox _____

**Name of Issuing Officer**

Court Administrator/Clerk of the Court

**Title of Issuing Officer**

**Issuing Officer**

9-21-00  Ft. Lauderdale, FL

**Date and Location**

LURANA S. SNOW

Bail fixed at $_ PRETRIAL DETENTION _requested_ by UNITED STATES MAGISTRATE JUDGE

**Name of Judicial Officer**

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

INFORMATION COPY ONLY

MAKE RETURN ON
ORIGINAL WARRANT WITH
UNITED STATES MARSHAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  00-6082-CR-FERGUSON(s)
21 U.S.C. §846
21 U.S.C. §841(a)(1)
21 U.S.C. §853
18 U.S.C. §2

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
LARRY HALL,
HOWARD L. SMITH,
        and
LISA NORTON,

Defendants.

_____/

SUPERSEDING INDICTMENT

The Grand Jury charges that:

## COUNT 1

From on or about January, 1999 through on or about March 1, 2000, at Broward and Dade

Counties in the Southern District of Florida, and elsewhere, the defendants,

**ROBBIE ACEVEDO,**

WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
LARRY HALL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally combine, conspire, confederate and agree with each other and with

persons known and unknown to the Grand Jury, to possess with intent to distribute a Schedule I

controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about February 23, 1999, at Broward County, in the Southern District of Florida, and

elsewhere, the defendant,

### LARRY HALL,

together with Robbie Acevedo and William Eric Crawford, did knowingly and intentionally possess

with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing

a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as

"ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States

Code, Section 2.

## COUNT 3

On or about March 21, 1999, at Broward County, in the Southern District of Florida, and

elsewhere, the defendant,

### LARRY HALL,

-2-

together with Robbie Acevedo and William Eric Crawford, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 4

On or about March 31, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### LARRY HALL,

together with Robbie Acevedo and William Eric Crawford, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 5

On or about April 6, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### LARRY HALL,

together with Robbie Acevedo and William Eric Crawford, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as

"ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 6

On or about April 16, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

### JONATHAN TUCKER KROLL,

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 7

On or about April 18, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### LARRY HALL,

together with Robbie Acevedo and William Eric Crawford, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

-4-

## COUNT 8

On or about May 5, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### LARRY HALL,

together with Robbie Acevedo and William Eric Crawford, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 9

On or about May 7, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### JONATHAN TUCKER KROLL,

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

-5-

## COUNT 10

On or about May 12, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### LARRY HALL,

together with Robbie Acevedo and William Eric Crawford, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 11

On or about May 20, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### LARRY HALL,

together with Robbie Acevedo and William Eric Crawford, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 12

On or about May 25, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

-6-

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
LISA NORTON,
HOWARD L. SMITH,
and
LARRY HALL,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance,

that is, a mixture and substance containing a detectable amount of 3, 4-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 13

On or about May 29, 1999, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance,

that is, a mixture and substance containing a detectable amount of 3, 4-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

-7-

## COUNT 14

On or about June 2, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 15

On or about June 5, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA),

-8-

commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and

Title 18, United States Code, Section 2.

## COUNT 18

On or about June 17, 1999, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and

intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and

substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA),

commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and

Title 18, United States Code, Section 2.

## COUNT 19

On or about June 21, 1999, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT 20

On or about June 24, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH
and
LARRY HALL,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT 21

On or about July 1, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

-11-

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4- Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT 22

On or about July 5, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4- Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT 23

On or about July 21, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHN TUCKER KROLL,
HOWARD L. SMITH,

-12-

and ·
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance,

that is, a mixture and substance containing a detectable amount of 3, 4-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 24

On or about July 29, 1999, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance,

that is, a mixture and substance containing a detectable amount of 3, 4-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 25

On or about August 3, 1999, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,

-13-

and ·
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 26

On or about August 10, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 27

On or about August 17, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

-14-

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 28

On or about August 19, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 29

On or about August 24, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,

-15-

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 32

On or about September 9, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

### JONATHAN TUCKER KROLL,
### HOWARD L. SMITH,
### and
### LISA NORTON,

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 33

On or about September 16, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

### JONATHAN TUCKER KROLL,
### HOWARD L. SMITH,
### and
### LISA NORTON,

-17-

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT 34

On or about September 21, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT 35

On or about September 28, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,

-18-

and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance,

that is, a mixture and substance containing a detectable amount of 3, 4-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 36

On or about October 5, 1999, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance,

that is, a mixture and substance containing a detectable amount of 3, 4-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 37

On or about October 12, 1999, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

-19-

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 38

On or about October 14, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 39

On or about October 19, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,

-20-

JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance,

that is, a mixture and substance containing a detectable amount of 3, 4-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 42

On or about November 9, 1999, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance,

that is, a mixture and substance containing a detectable amount of 3, 4-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 43

On or about November 24, 1999, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,

-22-

RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 44

On or about December 15, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 45

On or about December 27, 1999, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

-23-

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance,

that is, a mixture and substance containing a detectable amount of 3, 4-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 46

On or about January 9, 2000, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance,

that is, a mixture and substance containing a detectable amount of 3, 4-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

-24-

## COUNT 47

On or about January 20, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

together with Robbie Acevedo, William Eric Crawford and Ryan Evans Creech, did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 48

On or about February 10, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3, 4-

-25-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT 49

On or about February 23, 2000, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance,

that is, a mixture and substance containing a detectable amount of 3, 4-

Methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy;" in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT 50

On or about March 1, 2000, at Broward County, in the Southern District of Florida, the

defendants,

ROBBIE ACEVEDO,
WILLIAM ERIC CRAWFORD,
RYAN EVANS CREECH,
JONATHAN TUCKER KROLL,
HOWARD L. SMITH,
and
LISA NORTON,

-26-

Approximately Twenty-Two Thousand, Eight Hundred and Seventy-Eight

Dollars ($22,878) in U.S. currency, seized on March 1, 2000, in that such sum in

aggregate was furnished or intended to be furnished in exchange for a controlled

substance or used or intended to be used to facilitate any violation of Title 21.

C.    Substitute Assets. If any of the property described above, as a result of any

act or omission of the Defendants or any of them (1) cannot be located upon the exercise of due

diligence; (2) has been transferred or sold to, or deposited with, a third party: (3) has been placed

beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been

commingled with other property which cannot be divided without difficulty, then pursuant to Title

21, United States Code, Section 853(p), to the extent necessary to effectuate the forfeitures

contemplated in this Count, the United States of America intends to obtain an order of forfeiture of

any other property of the Defendants up to the value of any property described above which is

unavailable for the reasons set forth in this paragraph.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

ROGER W. POWELL
ASSISTANT U.S. ATTORNEY

-28-



# FEDERAL
# POWER OF ATTORNEY

**SAFETY NATIONAL CASUALTY CORPORATION**
2043 Woodland Parkway, Suite 200
St. Louis, MO 63146-4235

**POWER NO.** SF25-118033

**POWER AMOUNT $** $25,000.00

KNOW ALL MEN BY THESE PRESENTS that the Safety National Casualty Corporation, an insurance company duly organized and existing under the laws of the State of Missouri and by the authority of the resolution adopted by the Board of Directors by unanimous written consent on January 29, 1999, which said Resolution has not been amended or rescinded, does constitute and appoint and by these presents does make, constitute and appoint the named agent its true and lawful Attorney-in-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. Authority of such Attorney-in-Fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with State or Immigration Bonds. This power void if altered or erased, void if used with other powers of this company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.

The obligation of the company shall not exceed the sum of    Twenty five thousand dollars
and provided this Power-of-Attorney is filed with the bond and retained as a part of the court records. The said Attorney-in-Fact is hereby authorized to insert in this Power-of-Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, THE SAFETY NATIONAL CASUALTY CORPORATION has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this ___ **29** ___ of **SEPTEMBER** ___ **2000** ___
                                                                          DAY                        MONTH              YEAR

Bond Amount $ **20,000**

Defendant **HOWARD LAMAR SMITH**

Charges **CONSPIRACY TO DISTRIBUTE MDMA**

Court **U.S. DISTRICT**

Case No. **1:800-M-1217**

City **ATLANTA** State **GA**

Rewrite. original No.

Executing Agent _____
                    NAME

**Corporate Seal**

BY _Jeffrey W. Otto_
Jeffrey W. Otto, Secretary

3/31/01

VOID IF NOT ISSUED BY

**FOR FEDERAL USE ONLY**
*NOT VALID IF USED IN STATE COURT*

COPY FOR COURT

BB - 35A (12/99)