THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6082-CR-FERGUSON(s)

UNITED STATES OF AMERICA,

v.

LARRY HALL, et al,

Defendants.
_____/

### DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW, Defendant Larry Hall, by and through his undersigned counsel and submits his objections to the Presentence Investigation Report ("PSR") and pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 6A1.3, Rule 32, Fed. R. Crim. Proc., and Rule 88.8, Local Rules, Southern District of Florida and with respect thereto, respectfully shows this Honorable Court the following:

## PSR OBJECTIONS

### FIRST OBJECTION

Defendant objects to the failure to adjust his base offense level pursuant to U.S.S.G. § 2D1.1(b)(6) Specifically, Defendant objects to the failure to decrease his base offense level by **two** pursuant to § 2D1.1(b)(6). At the outset, Defendant is not subject to a mandatory, minimum sentence. The "safety valve" provisions of § 5C1.2 come into play, however, by virtue of §

1

2D1.1(b)(6), which states:

> "If the defendant meets the criteria set forth in subdivisions (1)-(5) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level determined above is level **26** or greater, decrease by **2** levels."

§ 2D1.1(b)(6).

The five items set forth in subdivisions (1)-(5) of § 5C1.2 are: (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

The PSR determined that Mr. Hall has zero criminal history points and a criminal history category of I. PSR, ¶ 42. There is no evidence that Mr. Hall used violence or credible threats of violence or possessed a firearm or other dangerous weapon, or induced another to do so in connection with the offense. The offense did not result in death or serious bodily injury to any person. The PSR concludes that Mr. Hall does not qualify for an aggravating role adjustment

pursuant to § 3B1.1. PSR, ¶24. Therefore, Mr. Hall was not an organizer, leader, manager, or supervisor of others. Also, there is no evidence that Mr. Hall was engaged in a continuing criminal enterprise. Lastly, Mr. Hall has already truthfully provided to the Government all information and evidence he has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. An analysis of the five items set forth in subdivisions (1)-(5) of § 5C1.2 clearly indicate that Mr. Hall meets these criteria.

The issue presented by this objection is whether § 2D1.1(b)(6)[1] can be applied in cases in which the defendant is not subject to a statutory mandatory minimum sentence. In other words, can Mr. Hall have his base offense level reduced by 2 levels when he is not subjected to a statutory mandatory minimum sentence under § 5C1.2?

The First, Second, Fifth and Eleventh Circuits have held, and the D.C. Circuit has stated in dictum, that § 2D1.1(b)(4) [now (b)(6)] mandates a two-level reduction in the offense level if the defendant's base offense level is 26 or greater and he satisfies the factors identified in § 5D1.2. See *United States v. Robles-Torres*, 109 F.3d 83 N.2 (1st Cir. 1997); *United States v. Osei*, 107 F.3d 101, 103-105 (2nd Cir. 1997); *United States v. Leonard*, 157 F. 3d 343 (5th Cir. 1998); *United States v. Mertilus*, 111 F.3d 870, 874 (11th Cir. 1997); *United States v. Plunkett*, 125 F.3d 873, 874 (D.C. Cir. 1997), *cert. denied,* ___ U.S. ___, 118 S. Ct. 895 (1998).

In *Osei,* the defendant was convicted of importing heroin. He appealed his sentence, arguing that it was error to deny him the two level reduction provided by § 2D1.1(b)(4) [now (b)(6)]. The Second Circuit held that the provision for a two level reduction applies if the

---

[1] Subsection (b)(6) was added to the guidelines originally as (b)(4). It was changed to (b)(6) effective November 1, 1997. U.S.S.G. App. C, amend. 555.

defendant meets the criteria set forth in § 5C1.2 and the offense level is 26 or greater even when the defendant is not subject to a statutory mandatory minimum sentence.

> "On its face § 2D1.1(b)(4) [now (b)(6)] applies to all defendants convicted of drug crimes whose base offense level is 26 or greater so long as they meet the criteria listed in § 5C1.2(1)-(5), and regardless of whether they are subject to a mandatory minimum sentence. We believe that imposing further limitation on the application of § 2D1.1(b)(4) [now (b)(6)] could produce unjustifiable results."

Id. at 104.

The Eleventh Circuit's interpretation of §§ 2D1.1 and 5C1.2 is equally broad. As long as [a defendant's] . . . base offense level under U.S.S.G. § 2D1.1 is 26 or greater, it is appropriate that the base offense level shall be decreased by two levels if the defendant meets the criteria set forth in subdivisions (1)-(5) of § 5C1.2 . . ." *Mertilus*, 111 F.3d 870, 874. Although the "safety valve" provision [of § 5C1.2] itself applies only to certain offenses with statutory minimum sentences, the courts have held that the two level reduction in § 2D1.1 (b) (6) applies even when the defendant is convicted under a statute that is not listed in § 5C1.2, **and regardless of whether the defendant is subject to a statutory minimum sentence**. See, *United States v. Osei*, supra and *United States v. Mertilus*, supra. (Emphasis supplied)

The Eleventh Circuit has also decided the case of *United States v. Reid*, 139 F.3d 1367, (11th Cir. 1998). In *Reid*, the defendant plead guilty to a multi-count indictment charging him with drug and money laundering offenses. He appealed his sentence and argued that the district court failed to apply a downward departure from the guideline range as required by § 2D1.1(b)(6). The court held "The guidelines **direct the district court to decrease a defendant's offense level by two levels if the offense level is greater than 26 and the**

4

**defendant meets the criteria set forth in § 5C1.2.** (Emphasis added) U.S.S.G. § 2D1.1(b)(6)."
*Reid*, 139 F.3d 1368.

In *Leonard*, the Fifth Circuit has held that failure to reduce the offense level on an eligible defendant by two-levels under subsection (b)(6) is plain error. "The language of § 2D1.1(b)(4) [now (b)(6)] is clear and unambiguous. Its directive is not discretionary. Thus, given that the appellant clearly met the criteria of § 5C1.2(1)-(5), his offense level was greater than 25, and he did not waive the error, the district court committed plain error in failing to decrease the appellant's offense level by two instead of one, levels." *Leonard*, 157 F. 3d 346.

Defendant respectfully invites this Honorable Court to consider his position that he is entitled to and should receive a further **two** level reduction from his base offense level.

### SECOND OBJECTION

Defendant objects to the time period of his involvement as a member of the MDMA distribution organization as stated in ¶ 24 of the PSR. Defendant withdrew from the distribution organization in June 1999 and not March 2000. This fact has previously been confirmed by a conversation between the undersigned counsel and TFO Scott Coley. The conversation occurred on March 7, 2001.

### THIRD OBJECTION

Defendant objects to the weight given to each dosage unit of MDMA as stated in ¶ 30 of the PSR. In so doing, Defendant does not seek to deny, minimize, or diminish his involvement in the conspiracy which forms the subject matter of the instant case. Defendant has clearly admitted that he was a member of the MDMA distribution organization. Further, Defendant does not seek, by this objection, to challenge or contest the quantity of dosage tablets of MDMA for which he is

responsible. Defendant entered into a stipulation with the Government in the PLEA AGREEMENT that dealt with this issue. That stipulation recited that he was responsible for 30,000 dosage units of MDMA. He does not dispute or challenge that stipulation by and through this objection. The PSR, in ¶ 30, states "According to the DEA laboratory, one tablet equals .3 grams of MDMA. Therefore, the total amount of MDMA the defendant is responsible for is 9,000 grams which equals 315 kilograms of marijuana." The calculation used in the PSR came from an estimate given by the DEA laboratory. Pretermitting whether such an estimate is accurate, it could only be a competent source when there is no seizure in the particular case and therefore, there is no historical reference that can be used.

According to the discovery material provided to Defendant by the Government, on March 1, 2000, 7,000 dosage units were seized. This information is also found in the PSR at ¶ ¶ 8-10. These 7,000 dosage units were analyzed and found to weigh approximately 1520.4 grams. A copy of page 199 of the discovery material is attached hereto and incorporated by reference as Exhibit "A." A calculation of the weight of each dosage unit of MDMA, using the weight of 1520.4 grams equals approximately .2 grams and not .3 grams. A weight of .3 grams is excessively high and does not fairly and accurately represent the historical weight of a dosage unit as determined in this case by the Government.[2] As a result, the quantity of MDMA that was involved in the offense surrounding Mr. Hall is 30,000 units at .2 gram per dosage unit which equals 6,000 grams of MDMA. This converts into 210 kilograms of marijuana.

---

[2]It was this historical reference, that each dosage unit of MDMA was approximately .2 grams, that formed the basis for the stipulation entered in connection with the Plea Agreement.

### FOURTH OBJECTION

The PSR, in ¶ 68, states "the defendant . . . was fired (from his employment at the Gold Club) for stealing." It is true that the employer, the Gold Club (the premier nude dancing club and bar in Atlanta), stated that the reason Defendant was being fired was because he was stealing. Defendant informed the Probation Officer at the initial interview, however, that this allegation was not true. There was and is no evidence from any source that could be produced by the Gold Club to substantiate these allegations. Defendant did not commit any act while employed with the Gold Club that could be considered as stealing and that would justify his dismissal. It is important for the Court to know that shortly after his termination, the Gold Club and its corporate offices in Atlanta and in New York were raided by Federal authorities, the resulting search seizing many boxes of documents. An indictment here in the Northern District of Georgia followed. This is the very same Gold Club that is now, at this very moment, on trial in the Northern District of Georgia, along with numerous other individual defendants, for such crimes as racketeering, loan sharking, credit card fraud, bribery, and prostitution. The Gold Club case has taken on tremendous media attention in the Northern District of Georgia because of the alleged involvement of organized crime and the alleged involvement of many famous sports celebrities as customers.

## CORRECTED OFFENSE LEVEL COMPUTATION

Defendant respectfully invites this Honorable Court to consider the following corrected PSR computations:

| | |
|---|---:|
| PSR, ¶ 30, Base Offense Level: | <u>26</u> |
| PSR, ¶ 31, Specific Offense Characteristics: | <u>0</u> |

7

| | |
|---|---|
| PSR, ¶ 32, Adjustment for Role in the Offense: | 0 |
| PSR, ¶ 33, Victim Related Adjustment: | 0 |
| PSR, ¶ 34, Adjustment for Obstruction of Justice: | 0 |
| PSR, ¶ 35, Adjusted Offense Level (Subtotal): | 26 |
| PSR, ¶ 36, Chapter Four enhancements: | 0 |
| PSR, ¶ 37, Adjustment for Acceptance of Responsibility, § 3E1.1(a) | -2 |
| PSR, ¶ 38, Adjustment for Acceptance of Responsibility, § 3E1.1(b) | -1 |
| Adjustment for § 2D1.1 (b)(6) | -2 |
| PSR, ¶ 39 <u>Total Offense Level</u>: | <u>21</u> |

PSR, ¶ 82, Guideline Provisions: Based on a total offense level of **21** and a criminal history category of I, the guideline imprisonment range is 37 to 46 months.

Wherefore, Defendant respectfully files these objections and prays that this Honorable Court enter an order sustaining the objections noted and making the adjustment to the total offense level as requested.

Respectfully submitted this 4th day of May 2001.

_____
Joseph Weinberg
GEORGIA BAR NO. 746025
305 Buckhead Avenue
Atlanta, GA 30305
404-237-3377
404-264-1149 (Fax)

_____
David K. Tucker
FLORIDA BAR NO. 406023
TUCKER & KOTLER, P.A.
2600 Douglas Road
Douglas Centre, Suite 1108
Coral Gables, Florida 33134-6125
305-461-3627
305-461-3628 (Fax

8

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6082-CR-FERGUSON(s)

UNITED STATES OF AMERICA,

v.

LARRY HALL, et al,

Defendants.

_____/

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

by depositing in the United States mail a copy of same in a properly addressed envelope with

adequate postage thereon to ensure delivery to the following individuals:

| | |
|---|---|
| Dedra M. Pratt | Roger W. Powell, Esq. |
| U.S. Probation Officer | Assistant U. S. Attorney |
| 299 E. Broward Boulevard | 500 E. Broward Boulevard |
| Room 409 | Seventh Floor |
| Ft. Lauderdale, FL 33301-5524 | Ft. Lauderdale, FL 33394 |

This 4th day of May 2001.

_____
David K. Tucker
FLORIDA BAR NO. 406023
TUCKER & KOTLER, P.A.
2600 Douglas Road
Douglas Centre, Suite 1108
Coral Gables, Florida 33134-6125
305-461-3627
305-461-3628 (Fax

**U.S. Department of Justice**
**Drug Enforcement Administration**

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

1. HOW OBTAINED (Check): ☐ Purchase  ☒ Seizure  ☐ Free Sample  ☐ Lab. Seizure  ☐ Money Flashed  ☐ Compliance Sample (Non-Criminal)  ☐ Internal Body Carry  ☐ Other (Specify) NA

2a. FILE NO.: —
2b. PROGRAM CODE: NA
3. G-DEP ID: —

4a. WHERE OBTAINED (City, State/Country): I-595 AT HIATUS RD, DAVIE, FL
4b. DATE OBTAINED: 03-01-00
5. FILE TITLE: CREECH, Ryan

6a. REFERRING AGENCY (Name): NA
6b. REFERRAL: ☐ Case No OR ☐ Seizure No  No. NA
7. DATE PREPARED: 03-02-00
8. GROUP NO.: Task Force Group 2

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | 13. Seized | 14. Submitted | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| 1 | 2000058162 | MDMA | 14 HSE W/MDMA PILLS | | 15.20 g | 00 |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG? ☒ NO (included above) ☐ YES

REMARKS:
EXHIBIT 1 CONSISTS OF 14 HEAT SEALED PLASTIC PACKAGES CONTAINING WHITE MDMA PILLS. EXHIBIT 1 WAS OBTAINED ON 03/01/2000 DURING A TRAFFIC STOP ON INTERSTATE 595 AND HIATUS ROAD BY TROOPER MARK RIETMAN WITH THE ASSISTANCE OF K-9 "DUKE". EXHIBIT-1 WAS THEN TURNED OVER TO TFA'S ROBERT CRISPIN AND SCOTT COLEY ON SCENE BY TROOPER RIETMAN. EXHIBIT-1 WAS MAINTAINED, PROCESSED AND SEALED BY TFA'S ROBERT CRISPIN, DAVE SANDERS UNTIL TURNED OVER TO THE S.E.R.L ON DATE INDICATED BELOW.

NOTE "PLEASE PROCESS FOR LATENTS"

17. SUBMITTED BY SPECIAL AGENT (Signature): ROBERT W. CRISPIN, TFA
18. APPROVED BY (Signature & Title): GARY COFFMAN A/GS

### LABORATORY EVIDENCE RECEIPT REPORT

19. NO. PACKAGES: 1 HSEE
20. RECEIVED FROM (Signature & Date): SIA Deloss  3/02/2000
21. Print or Type NAME and TITLE: Nybegger Hebig SIA
22. SEAL: ☐ Broken ☒ Unbroken
23. RECEIVED BY (Signature & Date)
24. Print or Type NAME and TITLE

### LABORATORY REPORT

26. ANALYSIS SUMMARY AND REMARKS

111973

| 26. Exhibit No. | 27. Lab No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| | | | | | | | |

34. ANALYST (Signature)
35. TITLE

00199

37. APPROVED BY (Signature & Date)
36. TITLE

EXHIBIT "A"